# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACQUELINE CURRY AND RYAN CURRY : | |
| : | |
| v. : | Civil Action No. 3:16-cv-716-VLB |
| : | |
| DEUTSCHE BANK NATIONAL TRUST CO., : | |
| AS TRUSTEE FOR FREMONT HOME LOAN : | November 3, 2016 |
| TRUST SERIES 2006-3, et al. : | |

**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Defendants respectfully submit this very brief sur-reply to Plaintiffs' Reply in Support of the Motion, Dkt. No. 52.

**I.   Connecticut Law Does Not *Require* Independent Equitable Actions**

Plaintiffs contend that Connecticut "courts have consistently ruled that parties seeking to challenge the judgment [of strict foreclosure post-vesting] can do so only through filing an independent equitable action." Dkt. No. 52 at 4 (emphasis added).  Tellingly, they dart right past *Wells Fargo Bank, N.A. v. Melahn*, 148 Conn. App. 1, 12 (2014), which they argued to the Superior Court authorized their post-vesting motion to open, *see* Dkt. No. 44-1 at 3:24-7; 4:1-17 (hearing transcript); which Wells Fargo extensively briefed here, Dkt. No. 52 at 6. Indeed, they fail to even acknowledge the case's existence.

**II.   The Balance of The Equities Really Does Tip In Defendants' Favor**

The authorities Plaintiffs cite are inapposite.  Plaintiffs are not trying to preserve the status quo through a first or even a second bite at the apple. Plaintiffs already consumed the entire apple and grabbed another one.  Here, the status quo is that the foreclosure court rejected all of the same claims and arguments that Plaintiffs brought here, and it adjudged and ordered, with finality,

that Plaintiffs be immediately ejected from what has been Deutsche Bank's property for nineteen months. Plaintiffs are asking this Court to enjoin Defendants from carrying out another court's final judgments and orders, where they raised the identical issues that they are trying to re-litigate here.

Thus, Plaintiffs' heavy reliance on *In re Fitzgerald*, 237 B.R. 252 (Bankr. D. Conn. 1999), for example, is misplaced—entirely. The case actually supports Defendants' positions. The Bankruptcy Court concluded the automatic stay was applicable based solely on the debtor's "bare possessory interest" from their still residing at the property post-vesting.[1] But it concluded that because the debtor's post-vesting motion to open was pending when the debtor filed for bankruptcy— which it found (contrary to Plaintiffs' assertions here) could result in the judgment being re-opened <u>even post-vesting</u>—the Bankruptcy Court decided that the balance of the hardships tipped in the debtor's favor. *Id.* at 26. And it found that the balance tipped that way because the debtor had not yet exhausted and was actively litigating the very procedural avenues that were available to her <u>in the underlying foreclosure</u>. Here, by contrast, Plaintiffs are seeking an injunction from another court after they exhausted all of the potential avenues of relief that were available to them in the foreclosure action.

### III. <u>CONCLUSION</u>

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Motion for Preliminary Injunction.

---

[1] The Bankruptcy Court held that bare possession of realty, "without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay." *Id.* at *258 (emphasis added). "That is because a debtor's bare possessory interest in realty is property of the estate that is protected by the automatic stay even if the realty itself is not property of the estate." *Id.*

2

        Respectfully submitted,

        Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust Series 2006-3 and Wells Fargo Bank, N.A.,

        **By:** */s/ David M. Bizar*
        **David M. Bizar**
        **CT Fed. Bar No. ct20444**
        **William J. Hanlon**
        **CT Fed. Bar No. ct02886**
        **SEYFARTH SHAW LLP**
        **Seaport East, Suite 300**
        **Two Seaport Lane**
        **Boston, MA 02210-2028**
        **Telephone: (617) 946-4874**
        **Facsimile:   (617) 790-5368**
        **dbizar@seyfarth.com**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 3rd day of November, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing on all parties of record.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

        */s/ David M. Bizar*
        **David M. Bizar**