UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACQUELINE CURRY and RYAN CURRY, | : | |
| *Plaintiffs*, | : | CIVIL CASE NUMBER: |
| v. | : | 3:16-cv-716 (VLB) |
| DEUTSCHE BANK NATIONAL TRUST CO. and WELLS FARGO BANK, N.A. d/b/a AMERICA'S SERVICING COMPANY, | : | January 9, 2017 |
| *Defendants*. | : | |

MEMORANDUM OF DECISION REMANDING CASE, AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [DKT. 28], PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [DKT. 41], DEFENDANTS' CONSENT MOTION TO STAY DISCOVERY [DKT. 42], AND THE PARTIES' JOINT REQUEST FOR STATUS CONFERENCE [Dkt. 55]

## I. Introduction

Plaintiffs Jacqueline and Ryan Curry brought the instant action seeking relief from a judgment of strict foreclosure entered in the Connecticut Superior Court. [Dkt. 1, Compl. ¶¶ 1-2]. Pending before this Court are Defendants' Motion to Dismiss [Dkt. 28], Plaintiffs' Motion for Preliminary Injunction [Dkt. 41], Defendants' Consent Motion to Stay Discovery [Dkt. 42], and the parties' Joint Request for Status Conference [Dkt. 55]. For the reasons that follow, the Court remands the case back to the Superior Court and DENIES all pending motions as moot.

## II. Background

Plaintiffs live in a home at 1216 West Main Street in Meriden, Connecticut. [Compl. ¶ 1]. The mortgage on this home is held by Defendant Deutsche Bank

**National Trust Co. ("Deutsche Bank") and is serviced by Wells Fargo Bank, N.A., d/b/a America's Servicing Company ("Wells Fargo"). Between July 31, 2012 and April 17, 2015, Deutsche Bank sought and received four successive judgments of strict foreclosure from the Connecticut Superior Court. [Compl. ¶ 2]. Plaintiffs allege that following each of these judgments, they submitted applications for loan modifications to Wells Fargo. *Id.* Following the submission of each application, Plaintiffs received a notice informing them that a law day had been extended or vacated. *Id.***

**On March 2, 2015, the Superior Court entered a fifth judgment of strict foreclosure. [Compl. ¶ 5]. The Superior Court then sent Plaintiffs a notice stating that a law day had been set for April 13, 2015, which Plaintiffs received on or around March 6, 2015. *Id.* In response, Plaintiffs submitted a new loan modification application to Wells Fargo on April 7, 2015. [Compl. ¶ 7]. On Saturday, April 11, 2015, Plaintiffs received a letter from Wells Fargo stating that "the foreclosure sale of your mortgaged property has been scheduled for 4/17/2015." [Compl. ¶ 8]. Plaintiffs believed this letter superseded the Superior Court's notice setting the law day for April 13, 2015, a belief that was confirmed when a representative of Deutsche Bank's law firm allegedly told them that "in order to save their house, Petitions would need to come up with $60,000 or pay off the loan by April 17." [Compl. ¶¶ 9-12]. Mr. Curry filed a petition for Chapter 13 bankruptcy on the morning of April 17, 2015, erroneously believing that this would stay the impending foreclosure and give Plaintiffs a "chance at being reviewed for loan modification." [Compl. ¶ 14].**

**Plaintiffs claim that they learned that their house had been foreclosed upon in June 2015, when a realtor came to their door to take pictures of the property. [Comp. ¶ 18]. Plaintiffs received stays of execution of ejectment by filing an administrative complaint with the State of Connecticut Department of Banking in July 2015. [Compl. 19]. Following delays caused by Wells Fargo's requests for extensions, Plaintiffs filed a motion to open and vacate the foreclosure in Superior Court, arguing that "it was obtained through Petitioners' reasonable reliance on the negligent actions and misrepresentations" of Defendants. [Compl. ¶ 20]. Judge Avallone of the Superior Court denied this motion on February 1, 2016, and stayed ejectment until May 2, 2016. [Compl. ¶ 21].**

**On April 11, 2016, Plaintiffs filed a petition for a writ of audita querela in the Superior Court seeking relief from the execution of foreclosure and ejection actions. Defendants removed the case to this Court on May 11, 2016 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiffs are citizens of Connecticut, Deutsche Bank is a citizen of California, and Wells Fargo is a citizen of South Dakota. [Dkt. 1, Notice of Removal, at 4].**

**Defendants filed a Motion to Dismiss on August 11, 2016, [Dkt. 28], Plaintiffs filed a Motion for a Preliminary Injunction on September 22, 2016 [Dkt. 41], and Defendants filed a consent Motion to Stay Discovery pending resolution of their Motion to Dismiss on September 23, 2016 [Dkt. 42]. The parties also requested a date for a hearing on Plaintiff's Motion for a Preliminary Injunction, indicating that Defendants had agreed to "refrain from taking any further action to obtain physical possession of the house" until after December 2, 2016. [Dkt. 43].**

**III. Discussion**

**A writ of audita querela is an equitable "remedy granted in favor of one against whom execution has issued on a judgment, the enforcement of which would be contrary to justice."  *Oakland Heights Mobile Park, Inc. v. Simon*, 40 Conn. App. 30, 32 (1995).  It was abolished as a federal civil cause of action following the adoption of Federal Rule of Civil Procedure 60 in 1946.  *See* Fed. R. Civ. P. 60(e) ("The following are abolished:  bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela."); *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) ("The writ has been abolished with respect to civil cases."); Caleb J. Fountain, *Audita Querela and the Limits of Federal Nonretroactivity*, 70 N.Y.U. Ann. Surv. Am. L. 203, 223 (2014) ("The writ was abolished in federal civil proceedings in 1946.").  Audita querela is, however, still available in Connecticut state courts to "a defendant against whom judgment had been rendered, but who had new matter in defense . . . arising, or at least raisable for the first time, after judgment," *Young v. Young*, 78 Conn. App. 394, 395 n.1 (2003).**

**Because a petition for a writ of audita querela requires the review of a final judgment, it would be both inappropriate and impermissible for this Court to issue a ruling on the merits.  Pursuant to the *Rooker – Feldman* doctrine, Federal District Courts lack the authority to review final state court judgments.  *See Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court."); *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 286 (1970) ("While the lower federal courts were given certain powers in the [Judiciary Act of 1789, 1 Stat. 73],**

**they were not given any power to review directly cases from state courts, and they have not been given such powers since that time."). The Second Circuit has articulated four requirements for the application of the *Rooker – Feldman* doctrine: (1) the federal-court plaintiffs lost in state court; (2) the plaintiffs complain of injuries caused by a state court judgment; (3) the plaintiffs invite review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).**

**The instant case easily meets the four prongs of this test: (1) Plaintiffs seek relief from a state court judgment of foreclosure, and the subsequent denial of a motion to open and vacate this foreclosure; (2) that if enforced would result in the loss of plaintiffs' home; (3) via a writ of audita querela; and (4) which was entered before Plaintiffs filed their petition. [*See* Compl. ¶¶ 5, 21, 22-24]. This Court therefore lacks subject matter jurisdiction, and must remand this case to the Connecticut Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Vossbrinck*, 773 F.3d at 427 ("The *Rooker–Feldman* doctrine pertains not to the validity of the suit but to the federal court's subject matter jurisdiction to hear it . . . . When a defendant is sued in state court on a claim appropriately brought in state court, which a federal court would be powerless to adjudicate, the defendant may not defeat the claim by removing it to**

**federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction.")**

**Even if this Court had subject matter jurisdiction, it could remand "where denying a federal forum would clearly serve an important countervailing interest."** ***Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). The "historic discretion exercised by federal courts 'sitting in equity'" also grants this Court the authority to decline to exercise its jurisdiction when equitable relief is requested. *See id.* at 718. Not only is audita querela by "its nature a bill in equity," *Humphreys v. Leggett*, 50 U.S. 297, 313 (1850), remanding this case back to the Superior Court serves that court's important countervailing interest in reevaluating its own judgments, *see Quackenbush*, 517 U.S. at 716 (stating that abstention may be warranted where it serves the important countervailing interest in "wise judicial administration"). This is consistent with the "bedrock principle" that audita querela must be "heard in the court of original judgment." Fountain, *supra*, at 224 (citing *Coffin v. Ewer*, 46 Mass. (5 Met.) 228, 231 (1842)); *see also TD Banknorth, N.A. v. White Water Mountain Resorts of Connecticut, Inc.*, 133 Conn. App. 536, 547–48 (2012) ("A writ of audita querela is filed with the court that rendered the judgment complained of.") Thus, even if *Rooker – Feldman* did not apply, the Court would still have the authority to abstain from hearing this case.**

## **IV. Conclusion**

**For the foregoing reasons, the Court remands this case to the Connecticut Superior Court, and DENIES as moot Defendants' Motion to Dismiss [Dkt. 28], Plaintiffs' Motion for Preliminary Injunction [Dkt. 41], Defendants' Consent Motion**

**to Stay Discovery [Dkt. 42] and the parties' Joint Request for a Status Conference [Dkt. 55]. The Clerk is directed to close this file.**

**IT IS SO ORDERED.**

**__________*/s/*____________________**
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: January 9, 2017**